**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6905

MICHAEL E. HOLMES,

Petitioner - Appellant,

v.

DIRECTOR OF DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:11-cv-00057-JCC-JFA)

Submitted:  August 22, 2012          Decided:  August 27, 2012

Before WILKINSON, GREGORY, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Michael E. Holmes, Appellant Pro Se.  Leah A. Darron, OFFICE OF
THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael E. Holmes seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2006) petition and its subsequent order denying his Fed. R. App. P. 60(b) motion for reconsideration. We dismiss the appeal of the denial of his § 2254 petition for lack of jurisdiction because the notice was not timely filed, and dismiss the appeal of his Rule 60(b) motion.

To the extent that Holmes seeks to appeal the denial of his § 2254 petition, it is untimely. Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). If a party files a Rule 60 motion within twenty-eight days after the judgment is entered, "the time to file an appeal of the judgment runs . . . from the entry of the order disposing of . . . [the] motion. Fed. R. App. P. 4(a)(4)(vi). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). The district court's order denying Holmes' § 2254 petition was entered on the docket on January 24, 2012. Holmes filed the Rule 60(b) motion on March 30, 2012, after the appeal period for the § 2254 petition had expired.

2

The notice of appeal was filed, at the earliest, on May 8, 2012.[*] Because Holmes failed to file a timely notice of appeal from the January 24, 2012 order, we do not have jurisdiction to review that order.

To the extent that Holmes seeks to appeal the denial of his Rule 60(b) motion, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

---

[*] This is the date appearing on the notice of appeal. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 275 (1988).

3

We have independently reviewed the record and conclude that Holmes has not made the requisite showing. Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>